UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joseph Gale,

    Plaintiff,                                           Case No. 17-12172

v.                                                   Hon. Sean F. Cox

Corrigan O'Donohue, *et. al.*,

    Defendants.
_____/

## ORDER DENYING
## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

On July 5, 2017, Plaintiff Joseph Gale ("Plaintiff") filed a "Verified Class Action Complaint" against City of Royal Oak Police Chief Corrigan O'Donohue and Royal Oak Police Officers Phillip Klinge, Mike Parmo, and Nathan Heppner. (Doc. # 1, Pl's Compl.). Plaintiff's complaint alleges that, on September 4, 2016, Defendants unconstitutionally searched and seized Plaintiff. Plaintiff asserts 42 U.S.C. § 1983 claims and state law claims against Defendants as a result of the allegedly unconstitutional search and seizure.

Currently before the Court is Plaintiff's "Motion for Temporary Restraining Order Against City of Royal Oak Police Chief Corrigan O'Donohue in his Official Capacity." (Doc. # 6, Pl.'s Mo.). Plaintiff brings his motion pursuant to Federal Rule of Civil procedure 65(b)(1). In it, Plaintiff asks the Court to temporarily "restrain Defendant's policy to stop and frisk individuals within the City of Royal Oak for their identification, in order to run warrant checks, without any reasonable suspicion of criminal activity..." (*Id*. at Pg ID 86). The Court shall **DENY** Plaintiff's motion because Plaintiff has not satisfied the requirements of Rule 65(b)(1).

Rule 65(b)(1) allows for the issuance of a temporary restraining order, without written or oral notice to the adverse party, **only if**: (1) specific facts in a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard; and (2) if the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required.  Fed. R. Civ. P. 65(b)(1)(A)-(B).  The decision to grant a temporary restraining order is a matter within the discretion of the Court.  *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).

Here, neither of the requirements are met.  First, Plaintiff has not shown that he will suffer immediate and irreparable harm *before* Defendants can be heard.  In fact, Plaintiff's complaint establishes that he has *already* been harmed – the "unconstitutional search and seizure" is alleged to have taken place in September 2016.  It is also worth noting that "[t]emporary restraining orders ... are extraordinary remedies designed to protect the status quo pending final resolution of a lawsuit."  *Richardson v. Wells Fargo Bank, N.A.*, 2013 WL 3367434, at *2 (E.D. Mich. July 5, 2013).  Here, the relief Plaintiff seeks would essentially disrupt the status quo rather than preserve it.  Second, Plaintiff's attorney has failed to certify, in writing, whether any efforts have been made to give notice to Defendants and the reasons why notice should not be required.

For these reasons, the Court shall **DENY** Plaintiff's Motion for Temporary Restraining Order.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  July 14, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joseph Gale,

    Plaintiff,                                                        Case No. 17-12172

v.                                                                Hon. Sean F. Cox

Corrigan O'Donohue, *et. al.*,

    Defendants.
_____/

PROOF OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 14, 2017, by electronic and/or ordinary mail.

                                                            s/Jennifer McCoy
                                                           Case Manager