UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joseph Gale,

    Plaintiff,

v.                                                                                          Civil Case No. 17-12172

Corrigan O'Donohue, *et al.*,                                      Sean F. Cox
                                                                   United States District Court Judge

    Defendants.

_____/

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR EXPEDITED DISCOVERY**

Plaintiff has sued various members of the Royal Oak Police Department after he was allegedly stopped and frisked unconstitutionally. He seeks a preliminary injunction to halt the City of Royal Oak's alleged practice, policy, or custom of unconstitutional stop and frisks. He also has filed a Motion for Expedited Discovery.

The Court declines to hold an evidentiary hearing on the Motion for Preliminary Injunction because it can be resolved as a question of law. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007) ("[A] hearing is only required when there are disputed factual issues, and not when the issues are primarily questions of law."). The Court will also decide the motions on the briefs, the issues having been adequately presented therein. E.D. Mich. LR 7.1(f)(2).

For the reasons below, the Court shall deny the Motion for Preliminary Injunction because Plaintiff cannot show a substantial likelihood of success on the merits of his municipal liability claim (his only claim that plausibly seeks prospective relief) and cannot show

1

irreparable harm. The Court shall also deny the Motion for Expedited Discovery.

**BACKGROUND**

Around 2:30 a.m. on September 4, 2016, a Royal Oak resident called 911 and reported that a strange man had just knocked on her door. The caller described the man as a white male, about 5'10", around 25 years old, and wearing jeans and a shirt. Royal Oak police officers were dispatched to check the area.

Plaintiff Joseph Gale was walking down the sidewalk in the same neighborhood when he was stopped by Officer Phillip Klinge. Klinge asked Plaintiff if he had been knocking on doors and Plaintiff denied that he had been. Shortly thereafter, Officers Mike Paramo and Nathan Heppner arrived on the scene. Plaintiff alleges that Paramo and Heppner grabbed his arms and patted him down. Heppner removed Plaintiff's wallet and ran a warrant check.

Plaintiff told the officers that he was going to his friend's house but could not provide them with an exact address. He indicated that his friend lived near The Rock on Third, a bar in nearby downtown Royal Oak. The officers initially offered to call Plaintiff a taxi but, after further conversation, offered to give him a ride downtown.

Plaintiff followed Officer Paramo to his patrol car. Paramo told Plaintiff that he was not under arrest but that he was going to pat him down before Plaintiff entered the vehicle. Plaintiff alleges that Paramo then aggressively frisked him, bending Plaintiff's apartment key in the process. Once Plaintiff entered the vehicle, Paramo attempted to look up the address of Plaintiff's friend but Plaintiff did not provide his friend's last name.

Plaintiff asked Paramo if he was "free to leave the vehicle," to which Paramo said, "Yeah. You're good." Paramo also told him, "I'm just trying to get your buddy's name so I can

get you to your buddy's instead of taking you to rock on third." Plaintiff provided his friend's first name and then stated "If you're not going to take me, I'll just walk." Paramo replied that Plaintiff was not under arrest or in trouble and that he was trying to get Plaintiff out of there so that nobody else would call the police on him. After another back and forth about Plaintiff's friend's name, Plaintiff stated, "I'll just walk to there, okay?"

Paramo then began to drive the car. Plaintiff again asked if he was free to leave the vehicle or if he was under arrest. Paramo radioed that he would be taking Plaintiff to the Rock on Third and dropping him off. At this point, Plaintiff began repeatedly requesting to get out of the vehicle. Paramo refused these requests, reiterating that he did not want anyone to call on Plaintiff again and that he would not drop him off on Lincoln Street. When Plaintiff's protestations continued, Paramo dropped him off at a gas station on Lincoln Street and Main Street, located about .8 miles from where Plaintiff was initially stopped.

Following the incident, Plaintiff filed a Citizen's Complaint with the Royal Oak Police Department. After he filed the complaint, Plaintiff met with Royal Oak Police Lt. Van Ness to discuss the incident. During their two-hour meeting, Van Ness explained that it is the department's policy to seek identification from individuals that officers stop. He also noted that the department does not ignore 911 calls and opined that the officers had reasonable suspicion that Plaintiff may have engaged in criminal activity.

Plaintiff then sued the City of Royal Oak Police Chief Corrigan O'Donohue and Officers Klinge, Paramo, and Heppner, raising § 1983 claims and state law claims of false imprisonment, conspiracy to commit false imprisonment, assault and battery, and common law trespass.

On August 2, 2017, Plaintiff filed this Motion for Preliminary Injunction (Doc. # 12). Defendants have responded (Doc. # 18). Plaintiff seeks the following injunctive relief:

- Enjoin the Royal Oak Police Department from continuing its policy, practice, and/or custom of suspicionless stop and frisks
- Require Defendants to institute and implement appropriate measures to mandate that documentation is prepared and maintained in an up to date computerized database for each stop conducted by an officer
- Require Defendants to monitor the stop and frisk practice of the police department, including regularly reviewing new documentation related to the department's stop and frisk practices

Plaintiff has also filed a Motion to Expedite Discovery (Doc. # 26) to which Defendants have responded (Doc. # 27).

## STANDARD OF DECISION

"A preliminary injunction is an extraordinary measure that has been characterized as one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quotation omitted). In evaluating a motion for preliminary injunction, the Court must balance the following factors: (1) whether the movant has a strong likelihood of success on the merits of the claims asserted in the action; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *Id*. at 809. Plaintiff has "a heavy burden to demonstrate entitlement to a preliminary injunction." *Erard v. Johnson*, 905 F.Supp.2d. 782, 796 (E.D.Mich. 2012).

# ANALYSIS

## I. Preliminary Injunction

To begin, the Court will dispose of Defendants' argument that the law of the case doctrine applies based on the Court's prior order denying Plaintiff's Motion for a Temporary Restraining Order (Doc. # 7). That order stated that "Plaintiff has not shown that he will suffer immediate and irreparable harm *before* Defendants can be heard." This is, of course, the standard Plaintiff had to meet; he had to show irreparable injury would occur before Defendants could be heard. The Court's determination that Plaintiff did not make this showing was not, however, a finding that Plaintiff could not show irreparable harm *at all*. Thus, the law of the case doctrine does not apply.

Turning to Plaintiff's request for an injunction, both parties devote a substantial amount of attention to the merits of all of the claims raised in the complaint. But the Court's inquiry need not stretch so broadly. First, because this case is in federal court based on federal question jurisdiction, the Court shall address only whether any of Plaintiff's *federal* claims warrant injunctive relief. Second, the Court need only consider those claims that address possible future wrongs. *See United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) ("The purpose of an injunction is to prevent future violations."). This is because to justify an injunction, there must be "some cognizable danger of recurrent violation[.]" *Id*. Insofar as Plaintiff raises claims for prior wrongs, those claims are irrelevant to the question at hand.

Plaintiff has brought § 1983 claims for: (1) unconstitutional search and seizure of his person and wallet; (2) abuse of process and conspiracy to subject him to an unconstitutional search and seizure; and (3) municipal liability against Chief O'Donohue in his official capacity

5

for the City of Royal Oak's alleged policy of conducting searches and seizures without reasonable suspicion or probable cause. The first two claims both address past, not future, wrongs and are therefore irrelevant to the request for injunctive relief.[1] Plaintiff's municipal liability claim, however, does raise the possibility of prospective harm and must be addressed accordingly.

### a. Plaintiff's Unconstitutional Policy, Practice, or Custom Claim

Plaintiff's complaint alleges that it is the Royal Oak Police Department's policy to force individuals stopped by the police to turn over their identification. The complaint also alleges that it is the department's policy to stop individuals if there is a 911 report indicating "open intoxication," regardless of whether the officers witness any suspicious activity themselves. In his brief, Plaintiff ties these alleged policies together by arguing that the department has an "unconstitutional stop and frisk policy."

"When a party seeks a preliminary injunction on the basis of a potential constitutional violation, the likelihood of success on the merits often will be the determinative factor." *Obama for America v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012). And "if it is found that a constitutional right is being threatened or impaired, a finding of irreparable harm is mandated." *Bonnell*, 241 F.3d at 809. Thus, the Court shall begin with whether Plaintiff has a strong likelihood of succeeding on his municipal liability claim.

Under § 1983, a municipality can be held liable where an alleged unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't. of Social Services*, 436 U.S. 658, 690

---

[1] Likewise, Plaintiff's state law claims also only address past harms.

(1978). "To establish municipal liability, the plaintiff must prove (1) the existence of a municipal policy or custom and (2) a direct causal link between the policy or custom and the alleged constitutional deprivation." *Lilly v. City of Clarksville*, 510 F. App'x. 374, 376 (6th Cir. 2013).

"To show the existence of a municipal policy or custom leading to the alleged violation, a plaintiff can identify: (1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance of acquiescence of federal violations." *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015). Plaintiff cannot show that he is substantially likely to establish the existence of a unconstitutional policy or custom through any of these theories.

*First*, he has provided no evidence that a Royal Oak city ordinance or police department official policy promulgated an unconstitutional stop and frisk regime. Absent this, Plaintiff must show that "there is a particular custom or practice that although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Jones v. Muskegon County*, 625 F.3d 935, 946 (6th Cir. 2010) (quotation marks omitted). To show this, Plaintiff relies on his stop, the stops of two other individuals, and the statements made to him by Lt. Van Ness. But isolated evidence of a few allegedly suspicionless stop and frisks is insufficient to demonstrate a custom that is "so widespread, permanent, and well settled as to have the force of law." *Id*. (holding that evidence that five inmate medical requests had been ignored by jail personnel was insufficient to show a widespread and permanent custom of ignoring inmate requests).

Additionally, Lt. Van Ness's statements cannot bear the weight Plaintiff places upon

them.[2] Plaintiff contends that Van Ness confirmed the existence of an unconstitutional policy by stating that suspicionless stops happen "all the time" and that it is police department policy to detain individuals in response to 911 calls indicating open intoxication. But Plaintiff cannot show a widespread and permanent police department custom endorsing unconstitutional stop and frisks by plucking isolated, out-of-context statements from a two-hour meeting. Considered in context, Van Ness's statements described innocuous, routine police work: responding to calls, investigating suspicious activity, managing intoxicated individuals, and identifying persons stopped by police. What his statements did not describe is a widespread, permanent, and well-settled custom in the Royal Oak Police Department of violating the Fourth Amendment.

*Second*, even if Chief O'Donohue is an official with final decision-making authority, Plaintiff has not shown that any of O'Donohue's actions demonstrate that an unconstitutional municipal policy or custom exists. Plaintiff alleges that O'Donohue confirmed that Van Ness was "transparent" about Royal Oak policies and that he found that the officers did not "engage in any improper conduct." But, as discussed above, Van Ness's statements do not permit an inference that an unconstitutional policy or custom exists. And Plaintiff has not cited any cases for the proposition that a decision-maker's ratification of one incident of allegedly unconstitutional conduct permits such an inference.

*Third*, Plaintiff has not shown that Royal Oak has a policy of inadequate training or supervision. To succeed on a failure to train claim, Plaintiff must show: "(1) the training or

---

[2] The Court has reviewed the audio recording of Plaintiff's conversation with Lt. Van Ness–a recording that is central to the complaint–in full. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (authorizing a court to consider materials attached to a defendant's motion to dismiss when they were referred to in the complaint and central to the claim therein).

8

supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). At a minimum, Plaintiff's claim fails because he cannot show deliberate indifference.

To show deliberate indifference, Plaintiff "must show prior instances of unconstitutional conduct demonstrating that the [municipality] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005). He has not done so. Plaintiff has not alleged, or provided evidence of, a history of abuse that would place Royal Oak on notice that its training of police officers was deficient. And mere allegations that an individual officer was unsatisfactorily trained are insufficient. *See Harvey v. Campbell County*, 453 F. App'x. 557, 567 (6th Cir. 2011).

*Fourth*, Plaintiff similarly has not shown that Royal Oak has a custom of tolerance of acquiescence of federal violations, which "requires a showing that there was a pattern of inadequately investigating similar claims." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). At this stage, he has not alleged or provided any facts showing prior instances of similar misconduct.

In sum, even accepting as true the facts presented in Plaintiff's complaint, he lacks a viable theory of municipal liability and therefore cannot establish a strong likelihood of success on the merits on that claim (the only one in which he could plausibly allege prospective harm). Additionally, Plaintiff has not shown irreparable harm. He has not shown that a constitutional right has been impaired and there is no indication of "a sufficient likelihood that he will again be

9

wronged in a similar way[.]" *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Because Plaintiff has not carried his heavy burden to show entitlement to the extraordinary remedy he seeks, the Court shall deny his Motion for Preliminary Injunction. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008); *see also Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 380 (6th Cir. 2006) (holding that a district court need not make specific findings on all four factors if "fewer factors are dispositive of the issue.").

## II. Expedited Discovery

Plaintiff has also moved for expedited discovery; seeking six interrogatories, seven document requests, and four requests for admission. The Court's decision to deny the Motion for Preliminary Injunction renders Plaintiff's request for expedited discovery moot.

The Court also notes that, in any event, Plaintiff did not show good cause for expedited discovery. Ordinarily, a district court may authorize expedited discovery upon a showing of good cause. *North Atlantic Operating Co, Inc. v. JingJing Huang*, 194 F.Supp.3d 634, 637 (E.D. Mich. 2016). "[D]istrict courts have found good cause for granting expedited discovery when the true identities of the defendants are unknown, when the moving party alleges infringement, when the scope of the discovery sought is narrow, and when expedited discovery would substantially contribute to moving the case forward." *Id*.
Good cause may also exist when a party requests preliminary injunctive relief. *See Bug Juice Brands, Inc. v. Great Lakes Bottling Co.*, 2010 WL 1418032 at * 1 (W.D. Mich. 2010).

In essence, Plaintiff seeks expedited discovery solely by virtue of filing a complaint and an accompanying request for injunctive relief. There is no indication, either in the complaint or

10

the record, that the materials he seeks may reveal the existence of an unconstitutional policy or practice such that he may be entitled to a preliminary injunction. Indeed, several of his discovery requests are wholly irrelevant to this question. Thus, Plaintiff has not shown good cause to deviate from the normal discovery procedure. Authorizing expedited discovery in such circumstances would seemingly open the door to expedited discovery to every plaintiff that seeks a preliminary injunction at the outset of a case, regardless of the merits of the request. This the Court will not do. Therefore, the Court shall deny the Motion for Expedited Discovery.

## CONCLUSION

For the reasons above, IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction and Motion for Expedited Discovery are DENIED.

IT IS SO ORDERED.

                                        s/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: January 30, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 30, 2018, by electronic and/or ordinary mail.

                                        s/Jennifer McCoy
                                        Case Manager