UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joseph Gale, an individual, on behalf
of himself and others similarly situated,

    Plaintiff,

v.                                               Case No. 17-12172

City of Royal Oak Police Chief         Sean F. Cox
Corrigan O'Donohue, in his individual    United States District Court Judge
and official capacity, Phillip Klinge,
Mark Parmo, and Nathan Heppner, in
their individual capacities, jointly and
severally,
    Defendants.
_____/

**<u>ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE DAVIS'S SEPTEMBER 6, 2018 ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES</u>**

This matter is currently before the Court on Plaintiff's objection to Magistrate Judge Stephanie Dawkins Davis's September 6, 2018 Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery Responses.

On July 18, 2018, Plaintiff filed a motion to compel answers to interrogatories and responses to requests for production of documents. (ECF No. 42). In his motion, Plaintiff argued that Defendants' responses to his discovery requests were "completely evasive, and full of irrelevant and evasive objections." (ECF No. 42, PageID 726). Plaintiff argued that the Defendants' consistent use of boilerplate objections was entirely improper and should be turned aside. (ECF No. 42, PageID 729). Plaintiff also argued that Royal Oak Chief of Police Corrigan O'Donahue's responses were inconsistent with the capacity in which he was sued.

1

On September 6, 2018, Judge Davis held a hearing on Plaintiff's motion to compel. After arguments, Judge Davis granted Plaintiff's motion as it related to O'Donahue, and denied it all other respects. Judge Davies reasoned that, although Defendants responses had many boilerplate objections, she was not able to discern what, if any, deficiencies actually existed. Plaintiff had not specified exact deficiencies and Judge Davis concluded that there was no specific relief available, except to remind Defendants that they have an ongoing duty to supplement their responses. Plaintiff now objects to this portion of Judge Davis's order.

A district court judge may designate a magistrate judge to hear and determine pretrial matters pursuant to 28 U.S.C. §636(b)(1). When a magistrate judge hears and determines a non- dispositive motion (i.e., one that is not enumerated in §636(b)(1)(A)), the district judge to whom the case is assigned may reconsider the order addressing that motion "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72.

Based on the Court's review of the record, it cannot conclude that Judge Davis's order is contrary to law. Plaintiff is correct that Defendants' responses are overstuffed with boilerplate objections that do not specify how exactly the discovery request is deficient. For example, it is hard to believe that Defendants honestly consider nearly every single interrogatory and discovery request to be "vague and ambiguous." And even if Defendants do believe that nearly every discovery request is vague and ambiguous, they leave it to the Court to decipher how.

Such rampant use of boilerplate objections is simply not appropriate. *See generally Wesley Corp. v. Zoom T.V. Products, LLC*, 2018 WL 372700 (E.D. Mich. Jan. 11, 2018). But, as Judge Davis observed, Defendants provided answers subject to their objections and supplemented their responses to reflect whether they had withheld information or documents on the basis of their

objections. Where documents or information was withheld, Defendants appeared to have produced them. As such, Defendants appear to have cured any deficiencies that existed in the original responses because of boilerplate. Without a more detailed showing of how a specific boilerplate objection is objectionable, the Court must agree with Judge Davis.

Accordingly, the Court OVERRULES Plaintiff's objection.

IT IS SO ORDERED.

                                                       s/Sean F. Cox
                                                       Sean F. Cox
                                                       United States District Judge

Dated: November 27, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 27, 2018, by electronic and/or ordinary mail.

                                                         s/Jennifer McCoy
                                                       Case Manager